JUDGE COTE

10 CIV 3469

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JPMORGAN CHASE BANK, N.A.,

                          Plaintiff,

  -against-

MALLOW, KONSTAM & HAGER, P.C.,
JEFFREY LEVITIN ATTORNEY AT LAW, GINSBURG
& ASSOCIATES, MALKA SCHWARTZ, MOSHE SCHWARTZ,
HENRY LEVY, ARLENE HORNIG, PEARL HORNIG,
ERIC HARARY, MARIBEL NEGRON, JORGE HERNANDEZ,
MORDECHAI GELBHAUER, VAAD LEHAKOMAS
KOLLELIM, SANDRA BROWN, JENNIFER BROWN,
and "JOHN DOE #1" through "JOHN DOE # 12",
The last twelve names being fictitious and unknown to
the plaintiff, the persons or parties intended being the
persons or parties, if any, having or claiming an interest in
or lien upon the property described in the complaint

                        Defendants.
------------------------------------------------------------------X



Docket No.:

RECEIVED
APR 26 2010
U.S.D.C. S.D.N.Y.
CASHIERS

COMPLAINT

Plaintiff JPMorgan Chase Bank, N.A. ("Chase"), by its attorneys, Stagg, Terenzi, Confusione & Wabnik, LLP, as and for its Complaint, alleges as follows:

**THE PARTIES**

1. Chase is a national banking association, federally chartered and existing under the laws of the United States, with its main office in the State of Ohio.

2. Upon information and belief, Mallow, Konstam & Hager, P.C. (the "Mallow Law Firm") is a professional corporation organized and existing under the laws of the State of New York with its principal place of business located at 321 Broadway, New York, NY 10007.

3. Upon information and belief, Jeffrey Levitin Attorney at Law ("Levitin") is doing business at 1430 Broadway, Room 1605, New York, New York 10018.

4. Upon information and belief, Ginsburg & Associates ("Ginsburg") is a partnership with its principal place of business 970 E. 19th Street, Brooklyn, New York 11230.

5. Upon information and belief, Malka Schwartz is an individual residing at 78 Joseph Avenue, Staten Island, New York 10314.

6. Upon information and belief, Moshe Schwartz is an individual residing at 78 Joseph Avenue, Staten Island, New York 10314.

7. Upon information and belief, Henry Levy ("Levy") is an individual residing at 300 NE 190th Street, Apartment 214, Aventura, Florida 33180.

8. Upon information and belief, Arlene Hornig is an individual residing at 1441 44th Street, Brooklyn, New York 11219.

9. Upon information and belief, Pearl Hornig is an individual residing at 1441 44th Street, Brooklyn, New York 11219.

10. Upon information and belief, Eric Harary ("Harary") is an individual residing at 2067 Royce Street, Brooklyn, New York 11234.

11. Upon information and belief, Maribel Negron ("Negron") is an individual residing at 11 Mohawk Place, Lakewood, New Jersey 08701.

12. Upon information and belief, Jorge Hernandez ("Hernandez") is an individual residing at 11 Mohawk Place, Lakewood, New Jersey 08701.

13. Upon information and belief, Mordechai Gelbhauer ("Gelbhauer") is an individual residing at 26 Esti Circle, Lakewood, New Jersey 08701.

14. Upon information and belief, Vaad Lehakomas Kollelim ("VLK") is a charitable religious corporation organized and existing under the laws of the State of New York having its principal place of business at 107 East Harvard Street, Lakewood New Jersey 08701.

15. Upon information and belief, Sandra Brown is an individual residing at 764 Ocean Avenue, Apt A3, Long Branch, New Jersey 07740.

16. Upon information and belief, Jennifer Brown is an individual residing at 764 Ocean Avenue, Apt A3, Long Branch, New Jersey 07740.

## BACKGROUND

17. On or about March 2, 2010, the Mallow Law Firm advised Chase that two checks were stolen for the Mallow Law Firm's account ending in 7358.

18. The allegedly stolen checks were made payable to Jennifer Brown and VLK in the amount of $629,000 and $83,000, respectively.

19. The $629,000 check made payable to Jennifer Brown was dated February 2, 2010 and deposited into the Chase bank account of Sandra Brown and Jennifer Brown (the "Brown Account") ending in 9342 on or about February 2, 2010.

20. The $83,000 check made payable to VLK was dated February 25, 2010 and deposited into VLK's Chase account ending in 1279 on or about February 25, 2010.

21. Upon information and belief, the proceeds of the allegedly stolen checks were then disbursed to various other individuals and businesses. Some of the recipients of the funds, including Negron, Hernandez, Harary, Malka Schwartz and Moshe Schwartz ("Schwartz"), Arlene Hornig and Pearl Hornig ("Hornig"), Gelbhauer, Ginsburg, Levy and Levitin (collectively the "secondary recipients") received those disbursements by deposit of checks issued on the VLK Account and/or Brown Account into their respective Chase bank accounts.

22. On February 27, 2010, a $7,500.00 check from the VLK Account was deposited into Negron and Hernandez's Chase account ending in 2195. Chase has held $1,901.03 from the Negron and Hernandez account.

23. On February 4, 2010, a $5,000 check from the Brown Account was deposited into Harary's Chase account ending in 6216. On March 1, 2010, a $1,500.00 check from the VLK Account was also deposited into Harary's Chase account. Chase has held $6,500.00 from the Harary account.

24. On February 4, 2010, a $40,000 check from the Brown Account was deposited into the Schwartz's account ending in 7342. On February 5, 2010, an additional $10,000 check from the Brown Account was deposited into the Schwartz's account. On March 3, 2010, a $50,000.00 check from the VLK Account was deposited into the Schwartz's account. Chase has held $100,000.00 from this account.

25. On February 4, 2010, a $33,000 check from the Brown Account was deposited into Hornig's account ending in 0331. Chase has held $33,000 from this account.

26. On February 4, 2010, three checks, in the amounts of $25,000, $50,000, and $17,606.20, respectively, were deposited into Gelbhauer's account ending in 0153 from the Brown Account. Chase has held $52,085.15 from this account.

27. On February 4, 2010, a $21,600 check from the Brown Account was deposited into Ginsburg's account ending in 7829. Chase has held $3,527.12 from this account.

28. On February 2, 2010, a $5,000 from the Brown Account was deposited into Levy's account ending in 8701. Chase has held $5,000 from this account.

29. On February 4, 2010, a $25,000 check from the Brown Account was deposited into Levitin's account ending in 8465. Chase has held $25,000 from this account.

30. On February 12, 2010, a $5,000 check from the Brown Account was deposited into the VLK Account. Chase has held $145.47 from this account.

31. Chase has also held $13,093.88 from the Brown Account.

4

32. The foregoing amounts held by Chase total $240,252.65, which Chase deposited with this Court upon commencement of this action (the "Funds at Issue").

33. Chase is now in the position where it may be exposed to duplicative liability with respect to the Funds at Issue. The Mallow Law Firm is requesting that Chase refund its account for the alleged stolen funds while the secondary recipients are requesting that the same funds be released to them.

## JURISDICTION

34. Chase brings this action pursuant to 28 U.S.C. § 1335(a) for interpleader relief.

35. This Court has original jurisdiction over this matter because:

   (a) the amount in controversy is greater than the statutory requirement of $500;

   (b) the Mallow Law Firm and some claimants are residents of New York, while a number of the other claimants reside in other states, satisfying the minimum diversity requirement that two or more adverse claimants are of diverse citizenship as defined in 28 U.S.C. § 1332(a); and

   (c) Chase deposited the Funds at Issue with the Court.

## INTERPLEADER RELIEF

36. Chase's Account Rules and Regulations governing the bank accounts provides:

> **Adverse Claims:**
> Upon receipt of oral or written notice from any party of a claim regarding the Account, we may place a hold on your Account and shall be relieved of any and all liability for our failure or refusal to honor any item drawn on your Account or any other withdrawal instruction. We may file an action in interpleader with respect to any Account where we have been notified of disputed claims to that Account. If any person asserts that a dispute exists, we are not required to determine whether that dispute has merit in order to refuse to honor the item or withdrawal instruction, or to interplead any funds in the Account.

5

37. Chase is uninformed as to the respective rights to the Funds at Issue, and is unable to ascertain, without hazard to itself, which defendants, or possible defendants, are entitled to the Funds at Issue.

38. Chase makes no claim to the Funds at Issue (except for outstanding costs and fees, if any, together with any attorneys' fees Chase incurs).

39. Accordingly, the defendants and possible defendants should be required to interplead together concerning their respective claims to the Funds at Issue.

40. Chase, as a disinterested party, should be discharged from all liability to any defendants in relation thereto.

41. Further, the defendants should be restrained by injunction from commencing, continuing or prosecuting any action or proceeding against Chase in connection with recovery of the Funds at Issue.

42. This action is not brought by collusion with any of the defendants.

**WHEREFORE,** Chase demands judgment as follows:

(a) Restraining defendants from commencing, instituting, continuing or prosecuting any action or proceeding against Chase for recovery of the Funds at Issue or any part thereof;

(b) Requiring defendants to interplead and settle between themselves their respective rights to the Funds at Issue;

(c) Awarding Chase any outstanding costs and fees due owing to Chase;

(d) Discharging Chase from all liability to defendants and to any claimants to the Fund at Issue and thereafter dismissing Chase from this action;

(e) Awarding Chase the costs and disbursements of this action, and reasonable attorneys' fees paid out of the funds in the Accounts; and

(f)     Awarding Chase such other and further relief as this Court may deem just and proper.

Dated:   Garden City, New York
         April 26, 2010

                                    Stagg, Terenzi, Confusione & Wabnik, LLP
                                    Attorneys for Plaintiff JPMorgan Chase Bank, N.A.

                                    By: _____
                                         Thomas E. Stagg (ts-0663)

                                    Michelle E. Tarson (mt-0331)

                                    401 Franklin Avenue, Suite 300
                                    Garden City, New York 11530
                                    (516) 812-4500

To:   Mallow, Konstam & Hager, P.C.
      321 Broadway
      New York, New York 10007

      Jeffrey Levitin Attorney at Law
      c/o Jeffrey Levitin
      1430 Broadway, Room 1605
      New York, New York 10018

      Ginsburg & Associates
      970 E 19th Street
      Brooklyn, New York 11230

      Malka Schwartz
      78 Joseph Avenue
      Staten Island, New York 10314

      Moshe Schwartz
      78 Joseph Avenue
      Staten Island, New York 10314

      Henry Levy
      300 NE 190th Street, Apt 214
      Aventura, Florida 33180

Arlene Hornig
1441 44th Street
Brooklyn, New York, 11219

Pearl Hornig
1441 44th Street
Brooklyn, New York 11219

Erica Harary
2067 Royce Street
Brooklyn, New York 11234

Maribel Negron
11 Mohawk Place
Lakewood, New Jersey 08701

Jorge Hernandez
11 Mohawk Place
Lakewood, New Jersey 08701

Mordechai Gelbhauer
26 Esti Circle
Lakewood, New Jersey 08701

Vaad Lehakomas Kollelim
107 East Harvard Street
Lakewood, New Jersey 08701

Sandra Brown
764 Ocean Avenue, Apt A3
Long Branch, New Jersey 07740

Jennifer Brown
764 Ocean Avenue, Apt A3
Long Branch, New Jersey 07740